1  MICHAEL C. ORMSBY
   United States Attorney
2  TIMOTHY M. DURKIN
   TYLER H.L. TORNABENE
3  Assistant United States Attorney
   Post Office Box 1494
4  Spokane, WA 99210-1494
   Telephone:  (509) 353-2767
5

6

7              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF WASHINGTON
8

9  UNITED STATES OF AMERICA,        NO. CV-08-3065-FVS

10                  Plaintiff,

             vs.                    UNITED STATES' PROPOSED
11                                  JURY INSTRUCTIONS
   DENNIS D. COPELAND and
   LEGAL COURIERS, INC.,
12
                    Defendants.
13

14        Plaintiff United States of America submits the following proposed jury

15  instructions.  The United States respectfully requests leave to submit such

16  additional or supplemental instructions as may be deemed necessary prior to or

17  during the trial of this case.

18        DATED this 30ᵗʰ day of November, 2011.

19
                         MICHAEL C. ORMSBY
20                       United States Attorney

21                       s/Tyler H.L. Tornabene
                         TYLER H.L. TORNABENE
22                       Assistant United States Attorney
                         Attorney for Defendant
23                       United States Attorney's Office
                         Post Office Box 1494
24                       Spokane, Washington 99210-1494
                         (509) 353-2767(Tel)
25                       (509) 353-2766(Fax)
                         USA-WAE-TTornabeneECF@usdoj.gov
26

27

28

United States' Proposed Jury Instructions - 1

1

## *Certificate of ECF and/or Mailing*

2        I hereby certify that on November 30, 2011, this day I electronically filed

3   the foregoing with the Clerk of the Court using the CM/ECF System which will

4   send notification of such filing to ECF registered parties: N/A

5

6   and sent the same to any non-registered ECF parties, as shown here:

7

8   Dennis R. Copeland
   312 S. 12th Avenue
9   Yakima, WA 98902-3113
   Cisco9645@msn.com
10

11                                 ***s/ Tyler H.L. Tornabene***
                              Tyler H.L. Tornabene
12                                 Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States' Proposed Jury Instructions - 2

PROPOSED JURY INSTRUCTION NO. 1

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Ninth Circuit Model Civil Jury Instruction No. 1.1A (2007).

PROPOSED JURY INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The government, as the plaintiff in this case, claims that the defendant, Mr. Dennis D. Copeland:

1) violated the False Claims Act in October of 2002 when he knowingly, or with reckless disregard or deliberate ignorance, caused a false or fraudulent claim to be submitted to the United States Department of Agriculture regarding the sale of foreclosed real property; and

2) that the corporate veil of the defendant's company Legal Couriers, Inc., should be pierced as to the defendant.

The government has the burden of proving these claims by a preponderance of the evidence.

The defendant denies those claims.

*See* Ninth Circuit Model Civil Jury Instruction No. 1.2 (2007).

PROPOSED JURY INSTRUCTION NO. 3

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  Although the government has the burden to prove its claims by a preponderance of the evidence, this is not a criminal case and the government's burden of proof is not beyond a reasonable doubt.

You should base your decision on all of the evidence, regardless of which party presented it.

*See* Ninth Circuit Model Civil Jury Instruction No. 1.3; *see also United States v. Mackby*, 261 F.3d 821, 827 (9th Cir. 2001) (civil claims under the FCA do not require the United States to prove its claim beyond a reasonable doubt, but rather by a preponderance of the evidence).

PROPOSED JURY INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

      1.     the sworn testimony of any witness;

      2.     the exhibits which are received into evidence; and

      3.     any facts to which the lawyers have agreed.

Ninth Circuit Model Civil Jury Instruction No. 1.6 (2007).

PROPOSED JURY INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers, or by the defendant when acting as his own lawyer and not providing testimony from the witness stand (known as "acting pro se"), are not evidence. The lawyers, and the defendant when acting pro se, are not witnesses. What they will say in their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers and the defendant have stated them, your memory of them controls.

2.      Questions and objections by lawyers and the defendant when acting pro se are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  A defendant acting pro se has the same obligation to his own case.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*See* Ninth Circuit Model Civil Jury Instruction No. 1.7 (2007).

United States' Proposed Jury Instructions - 7

PROPOSED JURY INSTRUCTION NO. 6

There are rules of evidence that control what can be received into evidence. When a lawyer, or the defendant acting pro se, asks a question or offers an exhibit into evidence and a lawyer, or the defendant acting pro se, on the other side thinks that it is not permitted by the rules of evidence, that lawyer, or the defendant acting pro se, may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

*See* Ninth Circuit Model Civil Jury Instruction No. 1.10 (2007).

PROPOSED JURY INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Civil Jury Instruction No. 1.9 (2007).

PROPOSED JURY INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

*See* Ninth Circuit Model Civil Jury Instruction No. 1.11 (2007).

PROPOSED JURY INSTRUCTION NO. 10

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

Ninth Circuit Model Civil Jury Instruction No. 1.12 (2007).

PROPOSED JURY INSTRUCTION NO. 11

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Ninth Circuit Model Civil Jury Instruction No. 1.13 (2007).

PROPOSED JURY INSTRUCTION NO. 12

      If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

      Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Civil Jury Instruction No. 1.14 (2007).

United States' Proposed Jury Instructions - 13

PROPOSED JURY INSTRUCTION NO. 13

From time to time during the trial, it may become necessary for me to talk with the attorneys and the defendant acting pro se out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's or the defendant's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Ninth Circuit Model Civil Jury Instruction No. 1.18 (2007).

United States' Proposed Jury Instructions - 14

PROPOSED JURY INSTRUCTION NO. 14

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence, and the defendant acting pro se may cross-examine. Then the defendant may present evidence, and counsel for the the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys and the defendant acting pro se will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*See* Ninth Circuit Model Civil Jury Instruction No. 1.19 (2007).

United States' Proposed Jury Instructions - 15

PROPOSED JURY INSTRUCTION NO. 15

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

*See* Ninth Circuit Model Criminal Jury Instruction Section 3.1 (2010).

United States' Proposed Jury Instructions - 16

1 PROPOSED JURY INSTRUCTION NO. 16

2       The government, as the plaintiff in this case, claims that the defendant, Mr.

3 Dennis D. Copeland:

4       1) violated the False Claims Act in October of 2002 when he knowingly, or

5 with reckless disregard or deliberate ignorance, caused a false or fraudulent claim

6 to be submitted to the United States Department of Agriculture regarding the sale

7 of foreclosed real property; and

8       2) that the corporate veil of the defendant's company Legal Couriers, Inc.,

9 should be pierced as to the defendant.

10 The government has the burden of proving these claims by a preponderance of the

11 evidence.

12       The defendant denies those claims.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 *See* Ninth Circuit Model Civil Jury Instruction No. 1.2 (2007).

United States' Proposed Jury Instructions - 17

PROPOSED JURY INSTRUCTION NO. 17

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  Although the government has the burden to prove its claims by a preponderance of the evidence, this is not a criminal case and the government's burden of proof is not beyond a reasonable doubt.

You should base your decision on all of the evidence, regardless of which party presented it.

*See* Ninth Circuit Model Civil Jury Instruction No. 1.3; *see also United States v. Mackby*, 261 F.3d 821, 827 (9th Cir. 2001) (civil claims under the FCA do not require the United States to prove its claim beyond a reasonable doubt, but rather by a preponderance of the evidence).

PROPOSED JURY INSTRUCTION NO. 18

The evidence you are to consider in deciding what the facts are consists of:

      1.    the sworn testimony of any witness;

      2.    the exhibits which are received into evidence; and

      3.    any facts to which the lawyers have agreed.

Ninth Circuit Model Civil Jury Instruction No. 1.6 (2007).

United States' Proposed Jury Instructions - 19

PROPOSED JURY INSTRUCTION NO. 19

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers, or by the defendant when acting as his own lawyer and not providing testimony from the witness stand (known as "acting pro se"), are not evidence. The lawyers, and the defendant when acting pro se, are not witnesses. What they have will say their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers and the defendant have stated them, your memory of them controls.

2.     Questions and objections by lawyers and the defendant when acting pro se are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  A defendant acting pro se has the same obligation to his own case.  You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*See* Ninth Circuit Model Civil Jury Instruction No. 1.7 (2007).

PROPOSED JURY INSTRUCTION NO. 20

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Civil Jury Instruction No. 1.9 (2007).

United States' Proposed Jury Instructions - 21

PROPOSED JURY INSTRUCTION NO. 21

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

*See* Ninth Circuit Model Civil Jury Instruction No. 1.11 (2007).

PROPOSED JURY INSTRUCTION NO. 22

The False Claims Act provides that any person who knowingly presents, or causes to be presented, to an officer or employee of the United States a false or fraudulent claim for payment or approval is liable to the United States for a civil penalty.

The False Claims Act  reaches, any person who knowingly assisted in causing the United States to pay claims which were grounded in fraud, without regard to whether that person had direct contractual relations with the government. A person need not have been the person who actually submitted the claims to be liable under the FCA.

*See* 31 U.S.C. § 3729(a) (1986), Pub. L. No. 99-562, 100 Stat. 3153, 3153-54 (amended 2009); *United States v. Mackby*, 261 F.3d 821, 826-27 (9th Cir. 2001) (quoting *U.S. ex rel. Marcus v. Hess*, 317 U.S. 537, 544-45 (1943)).

PROPOSED INSTRUCTION NO. 23

A violation of the False Claims Act requires that the government prove four elements by a preponderance of the evidence:

1.     there was a false or fraudulent claim;

2.     that is material;

3.     which was presented, or caused to be presented, by the defendant to the United States Department of Agriculture for payment or approval;

4.     with knowledge of the defendant that the claim was false.

However, in this case the government has in prior proceedings proven the first three elements as a matter of law.  Therefore the only element left to be decided by the jury is the fourth element of knowledge of the defendant that the claim was false.

If the government proves by a preponderance of the evidence that the defendant had knowledge that the claim was false, the defendant must be found to have violated the False Claims Act.  On the other hand, if the government fails to prove by a preponderance of the evidence that the defendant had knowledge that the claim was false, the defendant must be found to have not violated the False Claims Act.

See *United States v. Bourseau*, 531 F.3d 1159, 1170-71 (9th Cir. 2008); *United States v. Mackby*, 261 F.3d 821, 826-27 (9th Cir. 2001) (quoting 31 U.S.C. § 3729(a)(1) (1994)); *see also* ECF No. 50 (this Court's order partially granting the United States Motion for Partial Summary Judgment).

United States' Proposed Jury Instructions - 24

PROPOSED INSTRUCTION NO. 24

The definition of "knowingly" in the False Claims Act does not require that a defendant have actual knowledge that the claim was false to be liable. It also does not require a defendant to have a specific intent to defraud the government. Rather, under the False Claims Act a defendant has knowledge that a claim is false where the defendant:

1. has actual knowledge of the falsity of the information;

2. acts in deliberate ignorance of the truth or falsity of the information; or

3. acts in reckless disregard of the truth or falsity of the information.

*See* 31 U.S.C. § 3729(b) (1986), Pub. L. No. 99-562, 100 Stat. 3153, 3153-54 (current version at 31 U.S.C. § 3729 (b)(1)(2009)); *see also* H. R. Rep. No. 99-660, at 21 (1986).

1          PROPOSED INSTRUCTION NO. 25

2          The inclusion of deliberate ignorance and reckless disregard in the False

3  Claims Act definition of "knowingly" broadens the potential liability of a

4  defendant to include what has become known as the ostrich type situation where a

5  defendant has buried his or her head in the sand and failed to make simple

6  inquiries which would alert him or her that false claims are being submitted.

7          This extends liability to reach people who ignore red flags that information

8  submitted to the United States may not be accurate and to those persons who

9  deliberately choose to remain ignorant of the process by which their employees or

10 agents handle a claim to the United States for payment or approval.

11         Accordingly, a failure to conduct a reasonable and prudent inquiry under the

12 circumstances may provide a sufficient basis to impose False Claims Act liability.

26 *See United States v. Bourseau*, 531 F.3d 1159, 1168 (9th Cir. 2008), cert. denied

27 129 S.Ct. 1524 (2009) (citing S. Rep. No. 99-345, at 21 (1986), as reprinted in

28 1986 U.S.C.C.A.N. 5266, 5286); *see also* H. R. Rep. No. 99-660, at 21 (1986).

PROPOSED INSTRUCTION NO. 26

Shareholders, officers, and directors of corporations are normally shielded from liability for acts done by or on behalf of a corporation.  However, this shield, sometimes referred to as the corporate veil, may be pierced and the liability of a corporation may extend to one or more corporate shareholders, officers, or directors when certain factors are met.

Three factors must be considered before liability can be imposed on a corporate shareholder, officer, or director.

1.      the amount of respect given to the separate identity of the corporation by its shareholders;

2.      the degree of injustice visited on the litigants, or the employees and other shareholders of the corporation, by recognition of the corporate entity; and

3.      the fraudulent intent of the incorporators or its subsequent fraudulent use.

To pierce the corporate veil and hold a corporate shareholder, officer, or director personally liable for a corporation the government must prove, by a preponderance of the evidence, the first factor, and either the second or the third factor listed above, but not both.

*See United States v. Bestfoods*, 524 U.S. 51, 62 (1998); *UA Local 343 v. Nor-Cal Plumbing, Inc*., 48 F.3d 1465, 1475 (9th Cir. 1994); *Bd. of Trs. v. Valley Cabinet & Mfg. Co.*, 877 F.2d 769, 772 (9th Cir. 1989); *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1351-52 (9th Cir. 1987);  *Audit Serv. v. Rolfson*, 641 F.2d 757, 764 (9th Cir. 1981); *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1111 (9th Cir. 1979). *United States v. Jon-T Chems., Inc*., 768 F.2d 686, 691 (5th Cir. 1985); *N.L.R.B. v. Greater Kansas City Roofing*, 2 F.3d 1047, 1055 (10th Cir. 1993).

PROPOSED INSTRUCTION NO. 27

As to the first factor to be considered, the respect given to the separate identity of the corporation by its shareholders, officer, and directors is determined by considering multiple factors, including:

1.    the intermingling of personal and corporate funds;

2.    a corporate officer, director, or shareholder treating corporate assets as his or her own;

3.    not holding board or shareholder meetings;

4.    making decisions without board meetings and/or failing to inform board members or shareholders when decisions are made;

5.    the lack of a company bank account;

6.    the absence of corporate records or minutes;

7.    adequacy of capital in the corporation to carry on its business;

8.    the failure to file corporate tax returns; and

9.    the failure to pay dividends.


Not all of the factors need to be present to find that the corporate veil should be pierced, and finding only one factor may justify piercing the corporate veil if the corporate officer, director, or shareholder's action is substantially inequitable.

*See N.L.R.B. v. O'Neill*, 965 F.2d 1522, 1531 (9th Cir. 1992); *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1351-52 (9th Cir. 1987); *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1112-13 (9th Cir. 1979); *United States v. Jon-T Chems., Inc.*, 768 F.2d 686, 691 (5th Cir. 1985); *N.L.R.B. v. Greater Kansas City Roofing*, 2 F.3d 1047, 1055 (10th Cir. 1993).

PROPOSED INSTRUCTION NO. 28

As to the second factor, when considering the degree of injustice it may be appropriate to consider the employees or shareholders of the corporation in addition to the litigants.  If neglecting to pierce the corporate veil would create an injustice for the employees or the non-liable shareholders the injustice factor is met.

*See Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1351-52 (9th Cir. 1987); *N.L.R.B. v. Greater Kansas City Roofing*, 2 F.3d 1047, 1055 (10th Cir. 1993).

United States' Proposed Jury Instructions - 29

PROPOSED INSTRUCTION NO. 29

As to the third factor to be considered, fraudulent intent can be met when a corporation is used to advance a fraud for personal gain.

*See UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1475 (9th Cir. 1994); *Bd. of Trs. v. Valley Cabinet & Mfg. Co.*, 877 F.2d 769, 773-74 (9th Cir. 1989); *Audit Serv. v. Rolfson*, 641 F.2d 757, 764 (9th Cir. 1981).

PROPOSED INSTRUCTION NO. 30

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Civil Jury Instruction No. 3.1 (2007).

PROPOSED INSTRUCTION NO. 31

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Ninth Circuit Model Civil Jury Instruction No. 3.2 (2007).

United States' Proposed Jury Instructions - 32

PROPOSED INSTRUCTION NO. 32

A verdict form has been prepared for you regarding the two issues that you are to determine:

1) Whether or not the government has proven by a preponderance of the evidence that the defendant knowingly violated the False Claims Act in October of 2002; and

2) Whether or not the government has proven by a preponderance of the evidence that the corporate veil of Legal Couriers Inc. should be pierced as to the defendant.

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Ninth Circuit Model Civil Jury Instruction No. 3.3 (2007).

1

2
UNITED STATES DISTRICT COURT

3
EASTERN DISTRICT OF WASHINGTON

4

5

6
UNITED STATES OF AMERICA                    )
                                                                    )        NO. CV-08-3065-FVS

7
          Plaintiff,                                         )
                                                                    )        VERDICT

8
     vs.                                                       )
                                                                    )

9
                                                                    )
DENNIS D. COPELAND,                         )

10
          Defendant.                                      )

11
                                                                    )

12
                                                                    )

13

14
          WE, THE JURY in the above-captioned case, unanimously answer as

follows:

15

16
          1) The Defendant, Dennis D. Copeland, violated the False Claims Act by

17
acting with actual knowledge that the actual high bid price in the "Campbell Sale"

had been reduced in October of 2002.

18

19
          _____ Yes

20

21
          _____ No

22

23
          2) The Defendant, Dennis D. Copeland, violated the False Claims Act by

24
acting with reckless disregard as to whether or not the actual high bid price in the

"Campbell Sale" had been reduced in October of 2002.

25

26
          _____ Yes

27

28
          _____ No

3) The Defendant, Dennis D. Copeland, violated the False Claims Act by acting with deliberate ignorance as to whether or not the actual high bid price in the "Campbell Sale" had been reduced in October of 2002.

\_\_\_\_\_ Yes

\_\_\_\_\_ No

4) The corporate veil of Legal Couriers Inc., has been pierced by the conduct of the Defendant, Dennis D. Copeland, and he should be held personally liable for the actions of Legal Couriers Inc.

\_\_\_\_\_ Yes

\_\_\_\_\_ No